## Allen v. Commonwealth.

(Decided November 17, 1911.)

### Appeal from Lee Circuit Court.

1. **Witnesses—Diligence in procuring.**—Diligence has been used to secure a witness where the process has been executed and the witness is prevented from attending by sickness, although the process may have been issued late. But diligence is not used as to a witness on whom the process is not executed, when the process was issued only five days before the trial, the case having been continued at the preceding term for the defendant, nor where process is not issued for a witness although the clerk was requested to issue it and promised to do so.

2. **Misconduct of Commonwealth Attorney.**—It is misconduct for a Commonwealth Attorney to argue that as a fact which is not shown by the evidence.

3. **Evidence—Competency.**—In a prosecution for malicious shooting it is not competent to show that the defendant was running a

moonshine still unless this is in some way connected with the shooting.

SUTTON & HURST and E. E. HOGG for appellant.

JAS. BREATHITT, Attorney General, CHAS. H. MORRIS for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Reversing.

Sam Allen was indicted in the Lee Circuit Court on the charge of maliciously shooting at Sampson Taylor with intent to kill. On a trial of the case he was found guilty by the jury and his punishment was fixed by the court at confinement in the penitentiary from one to five years. He appeals.

When the case was called for trial he filed an affidavit for continuance on account of the absence among others of Silas McIntosh, Betty Gibson and Laura Allen by whom, he stated, he could prove, that Taylor fired at him before he fired at Taylor. The court refused to continue the case and also refused the affidavit to be read as the deposition of the absent witnesses. An attachment had issued for Laura Allen and McIntosh. They were both residents of Lee county. The attachment had been served on Laura Allen and she had executed bond for her appearance, but was sick and unable to travel. McIntosh was not found. The attachment was issued on June 28th. The trial was had on July 3. As to Laura Allen the defendant had done all that could be done, and her absence was due to her sickness. As to McIntosh, if the defendant had taken out his process sooner, no doubt it would have been executed. There was a want of diligence in not sooner taking out the process for him. As to Betsy Gibson, the defendant had asked the clerk to issue the process and he had promised to issue it, but had failed to do so. There was a want of diligence as to her. He should have seen to it that the process was issued. The case had been continued for the defendant at the last term. The proof for the Commonwealth on the trial was to the effect that Sam Allen shot at Taylor when Taylor was sitting on a log unarmed and making no effort to hurt him. On the other hand, the proof for the defendant was that Taylor shot at him and that he then shot at Taylor; that he was on his own land and

in nowise molesting Taylor, when Taylor without provocation began shooting at him. The evidence of Laura Allen was, therefore, important for the defendant, and the error of the court in refusing to allow the affidavit to be read as her deposition may have been very prejudicial to him. Each of the witnesses for the defense was asked by the Commonwealth's Attorney if Allen was not running a moonshine still at the time of the shooting. The defendant's objection to the question was overruled, and the witnesses answered no, or not so far as they knew. The Commonwealth Attorney in his closing argument made the statement that the defendant was running a moonshine still and that he shot at Taylor to keep him away from the still. In this there was misconduct on the part of the Commonwealth Attorney. The witnesses had said that the defendant was not running a moonshine still and the statement he made was not based on the evidence. An Attorney's argument to the jury should be confined to the law and the evidence and this is especially required of a Commonwealth Attorney who is an officer of the State. His statements, from his official position, have more weight with the jury than those of an ordinary attorney. The court should have sustained the defendant's objection to all the questions relating to the moonshine still as there was nothing in the evidence to connect this with the shooting. On another trial all of this matter should be omitted.

Judgment reversed and cause remanded for a new trial.